UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL HUNTER HAURY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 3:13 CV 1126 |
| vs. | ) |  |
|  | ) |  |
| BRUCE LEMMON, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Michael Hunter Haury, a *pro se* prisoner, is proceeding in this case against Chaplain Phillip Leslie in his individual capacity for monetary damages for interfering with his right to worship as a Reform Jew by forcing him to sign a form, on or around January 24, 2012, asserting that he was Russian/Greek Orthodox in violation of the First Amendment. He is also proceeding against Executive Assistant Clair E. Barnes in her individual capacity for monetary damages for denying him access to prescribed medication for two weeks in March 2013 in violation of the Eighth Amendment and for retaliating against him, on or around March 15, 2013, by placing him in segregation because he sought legal assistance to practice his religion.

Both defendants have filed a summary judgment motion arguing that Haury did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (DE # 50.) With their motion, they filed the notice required by N.D. Ind. L.R. 56-1(f) which advised him of the importance of responding to the motion. (DE # 52.) It included a copy of Federal Rule 56 and Local Rule 56-1. He was told that if he did not respond he might

not have a trial and he could lose this case. It informed him that "If you do not agree with the facts in the motion, you must submit affidavits or other evidence to dispute those facts." After receiving the motion and notice, he has not responded and the time for doing so has expired. However, before defendants filed their motion, Haury submitted a statement with exhibits which the court will consider in resolving the summary judgment motion. (DE # 49.)

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). In ruling on a summary judgment motion, the court views all of the facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It cannot "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.* Nevertheless, summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Here, it is undisputed that there was a grievance system and that Haury was obligated to use it before filing suit. (DE # 50-1 and DE # 49.) Haury has presented a number of grievances that he filed or attempted to file, but none of them are related to his claim that Chaplain Phillip Leslie interfered with his right to worship as a Reform Jew by forcing him to sign a form, on or around January 24, 2012, asserting that he was Russian/Greek Orthodox. (*See* DE # 49 at ¶ 7.) Therefore summary judgment will be granted in favor of Chaplain Phillip Leslie.

Haury has presented three grievances he attempted to file in relation to his claim that Executive Assistant Clair E. Barnes denied him access to prescribed medication for two weeks in March 2013 and retaliated against him, on or around March 15, 2013, by placing him in segregation because he sought legal assistance to practice his religion. (DE # 24 at 79, 84, and 87.) Each of them were rejected because they did not comply with the prison's grievance policy. (*Id.* at 78, 83, and 86.) The rejection of a grievance must explain "what correction he needed to make to have the grievance processed." *Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016). In each of these three rejections, Haury was given specific instructions as to how he could cure the deficiencies. In all three cases he was informed:

> There is no indication that you tried to resolve this complaint informally. If you have tried to resolve it informally, please fill out the grievance form to indicate that. If you have not tried to resolve it informally, you have five days to begin that process. (This error is NOT subject to the 5 day return notice at the bottom of this form.)

3

(DE # 24 at 78, 83, and 86.) All three rejections notified him to "Contact Ms. Ivers in the medical department to attempt an informal resolution. Use the space provided on the grievance form and attach additional pages if necessary." (*Id.*) One of them also explained that "There is not enough information in this form to warrant an investigation. Names of the staff members involved." (*Id.* at 86.) Despite these specific instructions, Haury makes no mention of having contacted Ms. Ivers nor of filing another grievance.

The United States Court of Appeals for the Seventh Circuit takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Because Haury did not do so, summary judgment will be granted in favor of Executive Assistant Clair E. Barnes.

Citing to *McCarthy v. Madigan*, 503 U.S. 140 (1992), Haury argues that exhaustion is unnecessary under several circumstances including futility. However, *McCarthy* predates the Prisoner Litigation Reform Act (PLRA) and the United States Supreme Court has acknowledged that the PLRA "strengthened th[e] exhaustion provision in several ways." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The Supreme Court has also explained that there is no futility exception to the PLRA's exhaustion requirements.

4

*Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted). Because Haury did not exhaust in this case, summary judgment will be granted for the defendants.

For these reasons, the defendants' motion for summary judgment (DE # 50) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

                                                   **SO ORDERED**.

Date: October 4, 2016

                                        s/ James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT